UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NATIONAL IMMIGRATION LITIGATION ALLIANCE, <br><br> Plaintiff, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> Defendant. | Case No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT**

**INTRODUCTION**

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, seeking to compel Defendant U.S. Immigration and Customs Enforcement (ICE) to immediately release a full and complete copy of the manual entitled "Reinstatement: Law and Procedure," a prior version of which previously was released following litigation before this Court. Over one year ago, Plaintiff National Immigration Litigation Alliance (NILA) submitted a request for this manual to ICE. Plaintiff is entitled to the timely release of records responsive to this request and thus seeks declaratory, injunctive, and other appropriate relief with respect to Defendant's unlawful withholding of these records.

2. The manual sought contains procedural guidance for determinations regarding, and issuance of, summary removal orders known as reinstatement orders, which accounted for roughly 33 percent of all removals nationwide in 2022 according to the Office of Homeland

1

Security Statistics. *See* Sean Leong, Dep't of Homeland Sec., Immigration Enforcement Actions: 2022, at 16 (2023), https://ohss.dhs.gov/sites/default/files/2024-03/2023_0818_plcy_ enforcement_actions_fy2022.pdf. The U.S. Department of Homeland Security (DHS), including its component agency, Defendant ICE, regularly subjects individuals who have departed under a prior removal order and who have returned to the country illegally this summary removal process under 8 U.S.C. § 1231(a)(5), 8 C.F.R. § 241.8. Their summary nature has led to unjust deportations of individuals fleeing persecution, longtime U.S. residents, and others with claims or even existing rights to be in the United States. The manual will contribute significantly to NILA and the public's understanding of how ICE makes reinstatement determinations and the process under which DHS issues and carries out reinstatement orders.

3.     Despite its statutory obligation to do so, Defendant has failed to substantively produce any records in response to it. Plaintiff now asks this Court to order Defendant to locate and release all responsive records.

## JURISDICTION AND VENUE

4.     This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA statute), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

5.     Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because Plaintiff has its principal place of business in this District; venue is also proper under 28 U.S.C. § 1391(e) because this is a civil action in which Defendant is a federal agency, there is no real property involved in this action, and Plaintiff resides in this District.

6. Because Defendant failed to comply with the applicable time limitations in responding to the FOIA Request, Plaintiff is deemed to have exhausted administrative remedies in connection with the request. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

7. Plaintiff NILA is a tax-exempt, not-for-profit charitable organization under section 501(c)(3) of the Internal Revenue Code, with its principal place of business in Brookline, Massachusetts. Founded in 2020, NILA was established to realize systemic change in the immigrant rights' arena by engaging in impact litigation and by building the capacity of social justice attorneys to litigate in federal court through co-counseling in individual cases and providing strategic assistance through its membership program. In addition to litigation, NILA disseminates FOIA productions and practice materials on its public website and frequently presents on federal court and immigration law and practice. NILA and its members as well as the public writ large have a strong interest in understanding how Defendant interprets and implements 8 U.S.C. § 1231(a)(5).

8. Defendant ICE is a component agency of DHS and an agency within the meaning of 5 U.S.C. § 552(f)(1). Among other duties, ICE makes reinstatement determinations, conducts reinstatement proceedings, and issues and executes reinstatement orders.

## FACTUAL ALLEGATIONS

9. On September 5, 2024, Plaintiff submitted the FOIA Request to Defendant ICE requesting the current version of the manual entitled "Reinstatement: Law and Procedure." Exhibit A. Specifically, Plaintiff requested the "[c]urrent version of the manual entitled 'Reinstatement: Law and Procedure.'" *Id*. at 1. Plaintiff attached to the request the February 2011 version of this manual, *see id*. at 3-41, which ICE released in FOIA litigation in 2015. *See Nat'l*

*Immigr. Project of the Nat'l Laws. Guild v. U.S. Dep't of Homeland Sec.*, No. 1:15-CV-11583-NMG (D. Mass. filed Apr. 13, 2015).

10. By an email dated September 12, 2024, Defendant acknowledged receipt of the FOIA Request. Exhibit B.

11. Defendant did not notify Plaintiff whether it determined to comply with the FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6). To date, Defendant has failed to produce any records or make any substantive response to the FOIA Request.

## CLAIMS FOR RELIEF

### COUNT ONE

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Timely Respond**

12. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

13. Pursuant to 5 U.S.C. § 552(a)(6)(A) and (B), Defendant was obligated to promptly produce records responsive to Plaintiff's FOIA Request.

14. Plaintiff submitted the FOIA Request on September 5, 2024. Defendant failed to issue a response, including a determination of whether to comply with the request and the reasons therefore, in the time provided under 5 U.S.C. § 552(a)(6)(A)(i) (20 days, excluding Saturdays, Sundays, and legal public holidays). Similarly, Defendant failed to provide written notice to Plaintiff invoking an extension in the time taken to comply with the request within the time permitted in certain unusual circumstances pursuant to 5 U.S.C. § 552(a)(6)(B)(i) (10 additional working days).

15. Defendant's failure to disclose all responsive records within the statutory time period violates, at a minimum, 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

## COUNT TWO

### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct an Adequate Search and to Disclose Responsive Records

16. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

17. Defendant is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to the FOIA Request and to promptly produce those records to Plaintiff.

18. Upon information and belief, Defendant has not conducted any search for records responsive to the FOIA Request. Defendant has not made a determination with respect to Plaintiff's FOIA request or produced any records responsive to the FOIA Request. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to search for them.

19. Defendant's failure to conduct a reasonable search and disclose all records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(3) and the corresponding regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Assume jurisdiction over this action;

b) Declare unlawful Defendant's failure to make a determination on the FOIA Request within the statutory time frame, failure to conduct an adequate search for the records requested by Plaintiff, and failure to disclose the records requested by Plaintiff;

5

c) Order Defendant to make a full, adequate, and expeditious search for the requested records;

d) Order Defendant to expeditiously process and disclose all responsive, nonexempt records, and enjoin Defendant from improperly withholding the requested records;

e) Award Plaintiff costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E), and any other applicable statute or regulation; and

f) Grant such further relief as the Court deems just, equitable, and appropriate.

Respectfully submitted,

*s/ Stephanie Marzouk*

Stephanie Marzouk
Marzouk Law LLC
2464 Massachusetts Ave, Ste 317
Cambridge, MA 02140
(617) 674-2112
sym@marzouklaw.com

Trina Realmuto*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447
trina@immigrationlitigation.org

*Attorneys for Plaintiff*

Dated: October 28, 2025

*Pro hac vice application forthcoming